IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CASE NO. 1:17CV183

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY which is physically located at 100 Stacy Farm Road in Nebo, North Carolina, and more particularly described in a document at Book 1177, Pages 551-553 in the office of the Register of Deeds for McDowell County, North Carolina, and at 170 and 179 Watson Road, Nebo, North Carolina, more particularly described in a document at Book 985, Pages 468-469, and Book 154, Pages 255-258 in the office of the Register of Deeds for McDowell County, North Carolina, <br><br> Defendants. | **CONSENT ORDER FOR THIRD PARTY CLAIMS** |

THIS MATTER is before the Court pursuant to 18 U.S.C. § 983(d) and

Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime

Claims and Asset Forfeiture Actions, Rule G, and by consent of the United States

of America, by and through R. Andrew Murray, United States Attorney for the

1

Western District of North Carolina; Claimant Minnie Tate ("Claimant Tate"); Claimant Leah P. Davis ("Claimant Davis"); and Claimant State Employees' Credit Union ("Claimant SECU")[1] (collectively, "Claimants"). The Government and Claimants have consented to this Consent Order for Third Party Claims as a final adjudication and settlement of all matters between Claimants and the Government with regard to all of the following property identified in the Complaint for Forfeiture *In Rem*:

> Real property at 100 Stacy Farm Road in Nebo, North Carolina, more particularly described in a document at Book 1177, Pages 551-553 in the office of the Register of Deeds for McDowell County, North Carolina ("the Stacy Farm Property"); and

> Real properties at 170[2] and 179 Watson Road, Nebo, North Carolina, more particularly described in a document at Book 985, Pages 468-469, and Book 154, Pages 255-258 in the office of the Register of Deeds for McDowell County, North Carolina ("the Watson Road Properties" or, separately, "the 170 Watson Road Property" and "the 179 Watson Road Property")

(collectively, "the Properties").

---

[1] SECU has not yet filed an Answer but has provided sufficient information to the United States such that the United States stipulates to this Court treating SECU as a claimant herein.

[2] Although the 170 Watson Road Property is technically a different address from 179 Watson Road, the two are essentially indistinguishable and the 170 Watson Road Property holds little to no value without the 179 Watson Road Property.

2

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. Claimant Davis has filed a Claim (Doc. 5) for the Stacy Farm Road Property; Claimant Tate has filed a Claim (Doc. 6) for the 179 Watson Road Property; and Claimant SECU has filed a Claim (Doc. 18) by virtue of a Deed of Trust on the Stacy Farm Road Property. Counsel have discussed the Claims, discussed related state court charges, and discussed that Claimant Tate is elderly and in need of an affordable place to reside. Further, counsel have discussed the need for Claimant Tate to, even if she continues to reside at the Stacy Farm Property, assist law enforcement in preventing crime at the Properties. Finally, counsel have conferred on a pending state court foreclosure action by Claimant SECU in regard to the Stacy Farm Property. Based on that background, the Government and Claimants enter into the agreements set forth herein.

2. Claimants stipulate and agree that the Properties are subject to forfeiture based on the allegations set forth in the Amended Complaint for Forfeiture *In Rem* (Doc. 3)

3. The United States and Claimants agree that Claimant Tate may continue to reside in and continue to own the Watson Road Properties, provided, however, that:

    a. Claimant Tate must, on or before the 100th day after entry of this Consent Order, pay the United States $24,000 as a substitute res for the Watson Road Properties and Claimants Tate and Davis must consent to forfeiture of those funds herein. Claimants agree that, if Claimant Tate fails to pay $24,000 as set forth herein, then the United States may finally forfeit and sell herein the Watson Road Properties, and Claimants agree to such forfeiture and sale;

    b. Claimants Tate and Davis must prevent any and all illegal activity at the Watson Road Properties and, if such activity does occur, immediately report any and all illegal activity at the Properties to law enforcement. Claimants Tate and Davis agree that failure to prevent and report illegal activity will result in forfeiture of the Watson Road Properties, regardless of whether Claimants Tate and Davis otherwise comply with the terms set forth in this Consent Order. Claimants Tate and Davis consent to final forfeiture of the

Watson Road Properties should Claimants fail to prevent and report illegal activity thereon.

4. The United States and Claimants Tate and Davis agree that Claimant SECU has an interest in the Stacy Farms Property, the United States agrees to dismissal of the Stacy Farms Property herein, and the United States and Claimants Tate and Davis agree that they will not contest foreclosure by Claimant SECU of the Stacy Farms Property provided, however, that if SECU sells the Stacy Farms Property at a price above and beyond the mortgage payoff, SECU will remit any remaining net proceeds above and beyond the mortgage payoff to the United States for forfeiture herein and Claimants consent to forfeiture of those remaining net proceeds herein. The mortgage payoff shall be calculated to include all fees and costs associated with the foreclosure proceeding and the Substitute Trustee's commission as allowed by North Carolina Statute.

5. The dismissal of the Stacy Farms Property and payment of $24,000 or final forfeiture of the Watson Road Properties shall be in full settlement and satisfaction of all claims by Claimants to the Properties. Claimants understand and agree that the United States reserves the right to terminate the forfeiture action at any time. The Government and Claimants

waive any rights to further litigate between each other in this forfeiture action to the Properties and agree that this Consent Order for Third Party Claims shall be in full settlement and satisfaction of all claims between Claimants and the Government in this action to the Properties and all claims between Claimants and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Properties. Unless specifically directed by an order of the Court, Claimants shall be excused and relieved from further participation in this action.

**IT IS THEREFORE ORDERED THAT:**

1. Based upon the stipulations of the parties herein, the Stacy Farms Property is hereby DISMISSED from this action;

2. The Claims by Claimant Tate and Claimant Davis are hereby stricken with prejudice;

3. Claimant Tate shall tender $24,000 to the United States on or before the 100th day after issuance of this Consent Order. If she does so, the United States shall tender a Proposed Order to dismiss the the Watson Road Properties from this action. If she fails to do so, the United States shall tender a Proposed

Order for final forfeiture of the Watson Road Properties in this action.

4. The Government and Claimants shall bear their own costs, including attorneys' fees.

Signed this 16 day of November, 2018.

                              HON. MARTIN K. REIDINGER
                              UNITED STATES DISTRICT JUDGE

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

*/s/ Ben Bain-Creed*  Dated: 11/15/18

Benjamin Bain-Creed
Assistant United States Attorney


**MINNIE TATE**

_____  Dated:_____
Minnie Tate

_____  Dated:_____
Noell Tin, Esq.
Attorney for Minnie Tate


**LEAH DAVIS**

_____  Dated:_____
Leah Davis

_____  Dated:_____
Sean Devereux, Esq.
Attorney for Leah Davis


**STATE EMPLOYEES' CREDIT UNION**

_____  Dated:_____
Authorized Signatory

_____  Dated:_____
Phillip A. Glass, Esq.
Attorney for State Employees' Credit Union

8

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

_____   Dated: _____
Benjamin Bain-Creed
Assistant United States Attorney


**MINNIE TATE**

_Minnie Tate_ (signature)   Dated: 11/15/18
Minnie Tate

_(signature)_   Dated: 11/15/18
Noell Tin, Esq.
Attorney for Minnie Tate


**LEAH DAVIS**

_____   Dated: _____
Leah Davis

_____   Dated: _____
Sean Devereux, Esq.
Attorney for Leah Davis


**STATE EMPLOYEES' CREDIT UNION**

_____   Dated: _____
Authorized Signatory

_____   Dated: _____
Phillip A. Glass, Esq.
Attorney for State Employees' Credit Union

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

_____     Dated:_____
Benjamin Bain-Creed
Assistant United States Attorney


**MINNIE TATE**

_____     Dated:_____
Minnie Tate

_____     Dated:_____
Noell Tin, Esq.
Attorney for Minnie Tate


**LEAH DAVIS**
*/s/ Leah Davis*                   Dated: 11/15/2018
Leah Davis

*/s/ Sean Devereux*                Dated: 11/15/2018
Sean Devereux, Esq.
Attorney for Leah Davis


**STATE EMPLOYEES' CREDIT UNION**

_____     Dated:_____
Authorized Signatory

_____     Dated:_____
Phillip A. Glass, Esq.
Attorney for State Employees' Credit Union

8

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**R. ANDREW MURRAY**
**UNITED STATES ATTORNEY**

_____    Dated:_____
Benjamin Bain-Creed
Assistant United States Attorney


**MINNIE TATE**
_____    Dated:_____
Minnie Tate

_____    Dated:_____
Noell Tin, Esq.
Attorney for Minnie Tate


**LEAH DAVIS**
_____    Dated:_____
Leah Davis

_____    Dated:_____
Sean Devereux, Esq.
Attorney for Leah Davis


**STATE EMPLOYEES' CREDIT UNION**
_____    Dated:_____
Authorized Signatory

_____    Dated: 11/15/2018
Phillip A. Glass, Esq.
Attorney for State Employees' Credit Union

8